# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**THELMA JACKSON, ET AL.**                    **CIVIL ACTION NO.**

**VERSUS**                                     **19-568-SDD-EWD**

**UNITED STATES POSTAL SERVICE, ET AL.**

## ORDER

Before the Court is a document entitled "EMERGENCY URGENT MOTION REQUEST"[1] which, the Court construes as a Motion for Recusal filed by *pro se* Plaintiffs Thelma Jackson ("Jackson") and Gerald Mcdowell ("Mcdowell") (collectively, "Plaintiffs"), individually and on behalf of their minor children Stylez Jackson and Gessiah McDowell ("Gessiah"). Although the document requests a default judgment,[2] the Motion cites 28 U.S.C. § 455 and appears to also seek recusal of the undersigned. To the extent the Motion seeks recusal, it will be denied.

## I.    Factual Background

On August 28, 2019, Plaintiffs filed a Complaint against the United States Postal Service ("USPS"), Vital Records of New Orleans ("Vital Records"), Baton Rouge General Hospital (the "Hospital"), and Rhandi Wise ("Wise").[3] Plaintiffs' primary claim is that their USPS-issued post office box is being tampered with/is being accessed by individuals whom Plaintiffs say do not have permission to access it in violation of 18 U.S.C. § 1703 and the 8th Amendment to the U.S. Constitution. In support of this allegation, Plaintiff specifically point to the following events. First, Plaintiffs allege that they have not received Gessiah's birth certificate, despite that Gessiah's

---

[1] R. Doc. 6.

[2] The request for a clerk's entry of default in the Motion was already denied because there is no service information in the record as to any defendant. *See* R. Doc. 7.

[3] R. Doc. 1, p. 1. The Complaint is dated August 19, 2019 but was filed with the Court on August 28, 2019.

date of birth was May 28, 2019. Plaintiffs allege that they have contacted Vital Records but keep receiving "inconsistent answers" regarding Gessiah's birth certificate. Plaintiffs further allege that the Hospital has advised Plaintiffs that it is unclear why the doctor who delivered Gessiah, *i.e.*, Wise, did not sign Gessiah's birth certificate until July 2, 2019.[4]

Second, Plaintiffs claim that the correspondence enclosing Gessiah's social security card was opened when Plaintiffs retrieved it from their post office box.[5] They further assert that an unnamed USPS representative advised them that "Kimberly Jackson" and "Courtney Jackson"[6] were "associated" with their post office box and asked if Plaintiffs executed a "family change of address," which Plaintiffs deny.[7] Plaintiffs argue that they have notified USPS on several occasions that their mail has been tampered with and vital records have been withheld from them, to no avail. At the hearing, Plaintiffs stated that they notified law enforcement about this as well.

In connection with the foregoing claims, Plaintiffs demand the following: (1) an investigation into the allegations discussed above, (2) that the USPS search for mail addressed to Plaintiffs and their minor children from 2017 until the present, and (3) $500,000 in damages for the destruction/withholding of and delay in Plaintiffs' receipt of their mail. Plaintiffs also demand that, if any USPS representative engages in retaliatory conduct, or causes physical or mental harm or injury to Plaintiffs, that such person be sentenced "to life in prison and 500,000 x 3 in monetary damages."[8]

---

[4] R. Doc. 1, p. 1.
[5] Plaintiffs identify this post office box as bearing number 65398. R. Doc. 1, p. 1.
[6] Plaintiffs contend that they "are a part of a(n) conspiracy theory," in that these same family members "aided with [Our Lady of the Lake Hospital in Baton Rouge] to murder Willie Tate," Gerald's grandfather. R. Doc. 1, p. 2. Regarding Gerald's claims involving Tate, see the related matter Plaintiffs filed in this Court on the same day as the instant matter, entitled *Gerald Mcdowell v. Our Lady of the Lake, Susan Dixon, Hanover Insurance Group, and Lane Regional Medical Center,* No. 19-569. Therein, Gerald alleges, among other things, that Tate's death was the result of retaliation taken against Gerald. The undersigned conducted a *Spears* hearing on September 11, 2019 in that matter as well.
[7] R. Doc. 1, p. 1.
[8] R. Doc. 1, p. 3.

The same day their Complaint was filed, Plaintiffs also filed a motion to proceed *in forma pauperis*, which the Court granted.[9]  A hearing was set pursuant to *Spears v. McCotter*[10] ("*Spears* hearing"), to determine if any or all of Plaintiffs' claims were frivolous and subject to dismissal.[11] At the September 11, 2019 *Spears* hearing, Plaintiffs presented information regarding the basis for their claims.  At the end of the *Spears* hearing, Plaintiffs were advised that a report would be issued with the undersigned's recommendation to the district judge that Plaintiffs' claims should be dismissed,[12] but that Plaintiffs would have fourteen days to submit objections to the report. Plaintiffs were also advised that the district judge would make the final decision and issue a ruling as to whether Plaintiffs' claims would be allowed to proceed.

## II.     Law and Analysis

Two statutes govern recusal motions: 28 U.S.C. § 144 and 28 U.S.C. § 455.[13]  § 144 states as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

---

[9] R. Doc. 3.

[10] 766 F.2d 179 (5th Cir. 1985).

[11] R. Docs. 4-5.

[12] Plaintiffs testified at the hearing that they have now received Gessiah's birth certificate.  The claims for delay or destruction of mail under 18 U.S.C. § 1703 are criminal in nature and not appropriately the subject of civil proceedings, although Plaintiffs were advised that they could report such information to the United States Attorney's Office for the Middle District of Louisiana.  Plaintiffs could not explain how their claims fell within the scope of the 8th Amendment.

[13] *K & F Holdings, Ltd. v. Rouse's Enterprises, L.L.C.*, Civ. Action No. 16-293, 2017 WL 2778345, at *1 (M.D. La. June 27, 2017).

Plaintiffs have not met the procedural requirements of § 144 as they have not submitted an affidavit stating the facts and reasons for the belief that bias or prejudice exists.[14] Thus, recusal under § 144 is not applicable.

§ 455 reads, in pertinent part, as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. (b) He shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. . . ."

While § 455 does not contain the same procedural requirements as § 144, recusal under § 455 is unwarranted.

In determining whether recusal is appropriate under this statute, the Fifth Circuit has stated that the recusal standard is an objective one. Plaintiff must demonstrate that a reasonable and objective person, knowing all the facts and circumstances of the case, would harbor doubts concerning the undersigned's impartiality.[15] This showing must be based on specific facts so as to avoid giving a party a "random veto over the assignment of judges."[16] Also, a § 455 claim must not be so broadly construed that "recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice."[17]

Plaintiffs have failed to provide any specific facts that would lead a reasonable and objective person to question the undersigned's impartiality or to demonstrate any personal bias by

---

[14] First, Plaintiffs have not submitted any affidavit at all. "A legally sufficient affidavit must: (1) state material facts with particularity; (2) state facts that, if true, would convince a reasonable person that a bias exists; and (3) state facts that show the bias is personal, as opposed to judicial, in nature." *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 483 (5th Cir. 2003) *citing Henderson v. Dep't of Pub. Safety & Corr.*, 901 F.2d 1288, 1296 (5th Cir.1990). Additionally, there is no counsel of record in this case to provide a certificate of counsel that the allegations are made in good faith, nor is there a certification by Plaintiffs.

[15] *Patterson*, 335 F.3d at 484; *U.S. v. Spears*, No. 09-19, 2012 WL 112985, at *2 (M.D. La. Jan. 12, 2012).

[16] *Capizzo v. State*, No. 99-138, 1999 WL 539439, at * 1 (E.D. La. July 22, 1999).

[17] *Spears*, 2012 WL 112985 at * 2.

the undersigned. The basis for recusal is stated as follows: "The judge refused to see the evidence." "The judge never asked for the defendants and/or why they were not present despite the court summons." Plaintiffs are incorrect that defendants have been served in this matter. Additionally, the undersigned did explain that evidence was not necessary at this point in the proceedings, because, upon questioning, it is apparent that the Court lacks jurisdiction over the claims and/or that the claims are frivolous. This determination was judicial in nature, not personal. The Court is permitted to undertake a screening of matters filed *in forma pauperis*, through the *Spears* hearing, to prevent a waste of judicial resources. While it is difficult for a plaintiff to hear a judge say his or her case lacks merit, the fact a judge does so is not evidence of bias or impartiality.

Accordingly,

After carefully reviewing the matter, the undersigned finds there is not sufficient factual support for defendant's allegation of any personal bias or prejudice on the part of the undersigned. For the foregoing reasons, "EMERGENCY URGENT MOTION REQUEST"[18] which, the Court construes, in part, as a Motion for Recusal, filed by *pro se* Plaintiffs Thelma Jackson and Gerald Mcdowell, individually and on behalf of their minor children Stylez Jackson and Gessiah McDowell, is **DENIED**.

Signed in Baton Rouge, Louisiana, on September 16, 2019.


                                      **ERIN WILDER-DOOMES**
                                      **UNITED STATES MAGISTRATE JUDGE**

---

[18] R. Doc. 6.