UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **THELMA JACKSON, GERALD MCDOWELL, GESSIAH MCDOWELL, AND STYLEZ JACKSON** | **CIVIL ACTION NO.** <br><br> **19-568-SDD-EWD** |
| **VERSUS** | |
| **UNITED STATES POSTAL SERVICE, VITAL RECORDS OF NEW ORLEANS, BATON ROUGE GENERAL HOSPITAL, AND RHANDI WISE** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, September 19, 2019.

*Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

Certified Mail - Return Receipt Requested to Thelma Jackson 7018 0360 0001 1615 8777
Certified Mail - Return Receipt Requested to Gerald Mcdowell 7018 0360 0001 1615 8784

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| THELMA JACKSON, GERALD MCDOWELL, GESSIAH MCDOWELL, AND STYLEZ JACKSON | CIVIL ACTION NO. 19-568-SDD-EWD |
| VERSUS | |
| UNITED STATES POSTAL SERVICE, VITAL RECORDS OF NEW ORLEANS, BATON ROUGE GENERAL HOSPITAL, AND RHANDI WISE | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint[1] filed by *pro se* Plaintiffs Thelma Jackson ("Jackson") and Gerald McDowell ("Gerald") (collectively, "Plaintiffs"), individually and on behalf of their minor children, Stylez Jackson and Gessiah McDowell ("Gessiah"). Following a hearing held pursuant to *Spears v. McCotter*,[2] and for the reasons set forth herein, it is recommended that Plaintiffs' suit be dismissed without prejudice.

**I.  Background**

On August 28, 2019, Plaintiffs filed a Complaint against the United States Postal Service ("USPS"), Vital Records of New Orleans ("Vital Records"), Baton Rouge General Hospital (the "Hospital"), and Rhandi Wise ("Wise").[3] That same day, Plaintiffs filed a motion to proceed *in forma pauperis*, which was granted. A hearing was also set pursuant to *Spears v. McCotter*[4] ("*Spears* hearing"), to determine if any or all of Plaintiffs' claims were frivolous and subject to dismissal.[5] At the *Spears* hearing, Plaintiffs presented information regarding the basis for their

---

[1] R. Doc. 1. The document is entitled "Urgent Complaint. 'Racketeering.'"
[2] 766 F.2d 179 (5th Cir. 1985).
[3] R. Doc. 1, p. 1. The Complaint is dated August 19, 2019 but was filed with the Court on August 28, 2019.
[4] 766 F.2d 179 (5th Cir. 1985).
[5] R. Doc. 4.

claims. At the conclusion of the hearing, Plaintiffs were advised that a report would be issued with a recommendation to the district judge that Plaintiffs' claims should be dismissed, but that Plaintiffs would have fourteen days to submit objections to the report. Plaintiffs were also advised that the district judge would make the final decision and issue a ruling as to whether Plaintiffs' claims would be allowed to proceed.

## II. Plaintiffs' Claims

Plaintiffs' primary claim is that their USPS-issued post office box is being tampered with/is being accessed by individuals whom Plaintiffs aver do not have permission to access it in violation of 18 U.S.C. § 1703 and the 8th Amendment to the U.S. Constitution. In support of this allegation, Plaintiffs specifically point to the following events in their Complaint. First, Plaintiffs allege that they have not received Gessiah's birth certificate, notwithstanding hat Gessiah's was born May 28, 2019. Plaintiffs allege that they have contacted Vital Records but keep receiving "inconsistent answers" regarding Gessiah's birth certificate. Plaintiffs further allege that the Hospital has advised Plaintiffs that it is unclear why the doctor who delivered Gessiah, *i.e.*, Wise, did not sign Gessiah's birth certificate until July 2, 2019.[6]

Second, Plaintiffs claim that the correspondence enclosing Gessiah's social security card was opened when Plaintiffs retrieved it from their post office box.[7] They further assert that an unnamed USPS representative advised them that "Kimberly Jackson" and "Courtney Jackson"[8] were "associated" with their post office box and asked if Plaintiffs executed a "family change of

---

[6] R. Doc. 1, p. 1.
[7] Plaintiffs identify this post office box as bearing number 65398. R. Doc. 1, p. 1.
[8] Plaintiffs contend that they "are a part of a(n) conspiracy theory," in that these same family members "aided with [Our Lady of the Lake Hospital in Baton Rouge] to murder Willie Tate," Gerald's grandfather. R. Doc. 1, p. 2. Regarding Gerald's claims involving Tate, see the related matter Plaintiffs filed in this Court on the same day as the instant matter, entitled *Gerald McDowell v. Our Lady of the Lake, Susan Dixon, Hanover Insurance Group, and Lane Regional Medical Center,* No. 19-569. Therein, Gerald alleges, among other things, that Tate's death was the result of retaliation taken against Gerald. The undersigned conducted a *Spears* hearing on September 11, 2019 in that matter as well.

2

address," which Plaintiffs deny.[9]  Plaintiffs argue that they have notified USPS on several occasions that their mail has been tampered with and vital records have been withheld from them, to no avail.  At the *Spears* hearing, Plaintiffs stated that they had also notified law enforcement about this issue.

In connection with these claims, Plaintiffs demand the following: (1) an investigation into the allegations discussed above, (2) that the USPS search for mail addressed to Plaintiffs and their minor children from 2017 until the present, and (3) $500,000 in damages for the destruction/withholding of and delay in Plaintiffs' receipt of their mail.  Plaintiffs also demand that, if any USPS representative engages in retaliatory conduct, or causes physical or mental harm or injury to Plaintiffs, that such person be sentenced "to life in prison and 500,000 x 3 in monetary damages."[10]

### III. Law and Analysis

**A. Plaintiffs Have Not Established That This Court Has Subject Matter Jurisdiction**

During the *Spears* hearing, the Court explained that, unlike state district courts, which are courts of general jurisdiction and may therefore hear all types of claims, federal courts may only entertain those cases over which there is federal subject matter jurisdiction.  Federal subject matter jurisdiction may be established in two ways. This Court has subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treatises of the United States."[11]  This Court also has subject matter jurisdiction over civil actions where the amount in controversy exceeds $75,000.00 exclusive of interest and costs and the parties are completely diverse (*i.e.*, all plaintiffs are citizens of a different state than all defendants).[12]  The burden of establishing federal subject

---

[9] R. Doc. 1, p. 1.
[10] R. Doc. 1, p. 3.
[11] 28 U.S.C. § 1331.
[12] 28 U.S.C. § 1332.

3

matter jurisdiction is on the party asserting it (here, Plaintiffs).[13] A court may raise on its own at any time the issue of whether subject matter jurisdiction exists.[14]

Plaintiffs' Complaint raises possible criminal claims involving mail destruction/tampering under 18 U.S.C. §1703.[15] The Court advised Plaintiffs during the *Spears* hearing that they may report those claims to the office of the U.S. Attorney for the Middle District for potential prosecution, but that Plaintiffs do not have a private cause of action under a criminal statute.[16] Likewise, Plaintiffs asserted no facts or allegations in support of a claim under the 8th Amendment to the U.S. Constitution. As Plaintiffs' Complaint does not assert a federal civil claim, this Court does not have subject matter jurisdiction under 28 U.S.C. § 1331.[17] While there is some indication that Plaintiffs' allegations satisfy the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332,[18] Plaintiffs have not adequately alleged their own citizenship or the citizenship of Defendants. During the *Spears* hearing, however, Plaintiffs confirmed that they are citizens of Louisiana. It appears that at least one of the Defendants is also a Louisiana citizen.[19]

---

[13] *Willoughby v. United States ex rel. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).
[14] *McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005).
[15] *See* R. Doc. 1, pp. 1-2. The Complaint also contains the word "Racketeering" in the caption, but at the *Spears* hearing, Plaintiffs failed to provide any information in support of a racketeering claim. Furthermore, to the extent Plaintiffs vaguely refer to a "conspiracy" with respect to the death of Willie Tate, that allegation is the subject of a related matter, filed by Gerald in this Court. *See* n. 8, above.
[16] R. Doc. 9, which is a letter from Plaintiff Thelma Jackson reiterates a request for criminal prosecution related to claims of "racketeering." ("My family and I, Thelma Jackson, am demanding that the Attorney General charge and testify against every entity that have victimized by family and I, Thelma Jackson.")
[17] The Court will liberally construe R. Doc. 11 as an amended complaint. In R. Doc. 11, Plaintiffs assert some additional federal statutes that (1) involve the bringing of and/or intervention by the U.S. Attorney General's Office in Fourteenth Amendment cases, (42 U.S.C. § 2000b, 42 U.S.C. § 2000h-2), and (2) that prohibit the deprivation of/interference with the rights secured by 42 U.S.C. § 2000a and 42 U.S.C. § 2000a-1, which in turn prohibit discrimination in places of public accommodation and discrimination required by law (42 U.S.C. § 2000a-2). These statutes do not provide the Court with federal subject matter jurisdiction because they either fail to provide Plaintiffs with a private cause of action or, in the case of 42 U.S.C. 2000a-1, for which there is a private right of action under 42 U.S.C. § 2000a-3, Plaintiffs have not asserted a claim for prospective relief.
[18] R. Doc. 1, p. 3 (demanding $500,000).
[19] Per the Louisiana Secretary of State's corporate database, "Baton Rouge General Hospital" is now "General Health System," a Louisiana non-profit corporation with a "domicile" address in Baton Rouge, Louisiana. Defendant Wise may also be a Louisiana citizen.

4

As Plaintiffs are not completely diverse from Defendants, the Court also does not have subject matter jurisdiction under 28 U.S.C. § 1332.

"A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction."[20] "A district court can dismiss an action *sua sponte* for lack of federal subject matter jurisdiction…even where the defendant makes no responsive pleadings and does not move to dismiss for want of subject-matter jurisdiction."[21] Because Plaintiffs have not met their burden of establishing that this Court has federal subject matter jurisdiction, this case should be dismissed without prejudice.

Furthermore, the United States Postal Service and Louisiana Department of Health and Hospitals, of which Vital Records is a division, may also be immune from suit in this Court based on principles of sovereign immunity under the 11th Amendment. "The Postal Service enjoys federal sovereign immunity absent a waiver."[22] The Louisiana Department of Health and

---

[20] *Edwards v. Jackson Hinds Comprehensive Health Center*, No. 17-972, 2018 WL 3653761 (S.D. Miss. June 11, 2018), at *1 (*quoting Nixon v. Goldman Sachs Mortg. Corp.*, No. 16-597, 2016 WL 3763425, at **2–3 (N.D. Tex. July 14, 2016) (*citing* 28 U.S.C. §§ 1331, 1332); *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). *See also McKendall v. U.S. Army Corps of Engineers*, No. 15-2631, 2016 WL 3218842, at *1 (E.D. La. June 10, 2016) ("The party asserting jurisdiction bears the burden of establishing that the district court possesses subject-matter jurisdiction.") (*citing Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

[21] *Dickens v. TASB Risk Management*, 17-00216, 2018 WL 6184804, at *1 (W.D. Tex. Nov. 21, 2018). *See also*, *Craig v. Our Lady of the Lake Regional Medical Center*, No. 15-814, 2017 WL 1113326, at *2 (M.D. La. March 23, 2017) ("The Court may dismiss an action *sua sponte* if it 'determines at any time that it lacks subject-matter jurisdiction.'") (*citing* Fed. R. Civ. P. 12(h)(3)).

[22] *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 481, 484, 126 S.Ct. 1252, 1253, 1256, 163 L.Ed.2d 1079 (2006), *citing FDIC v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit….the sovereign immunity bar remains as to, *inter alia,* "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." *See* 28 U.S.C. § 2680 ("The provisions of this chapter and section 1346(b) of this title shall not apply to--(b) Any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter."); *and see Dennis v. Postal Serv.*, No. 12-1254, 2012 WL 7037766, at *2 (W.D. La. Dec. 18, 2012), *report and recommendation adopted*, No. 12-1254, 2013 WL 489825 (W.D. La. Feb. 7, 2013), *aff'd sub nom. Dennis v. U.S. Postal Serv.*, 564 F. App'x 85 (5th Cir. 2014) (no jurisdiction over FTCA claim filed by plaintiffs alleging their mail carrier failed to deliver/destroyed their mail).

Hospitals is an arm of the state[23] such that Plaintiffs' claims against Vital Records may also be barred by sovereign immunity.[24]

### B. Plaintiffs Fail To State a Claim for Relief Under of 18 U.S.C. § 1703 and the 8th Amendment and Such Claims are Frivolous

On August 29, 2019, Plaintiffs were granted leave to proceed *in forma pauperis*.[25] Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), this Court is authorized to dismiss an action brought *in forma pauperis* if satisfied that the action is frivolous.[26] Likewise, pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii), this Court is authorized to dismiss an action brought *in forma pauperis* if the action fails to state a claim on which relief may be granted. A § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed.[27] An *in forma pauperis* suit is properly dismissed as frivolous if the claim lacks an arguable basis in either fact or law.[28] A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."[29]

As explained during the *Spears* hearing, 18 U.S.C. § 1703, which criminalizes delay or destruction of mail, is in the United States criminal code. A statute establishing a federal crime is

---

[23] *See Montgomery-Smith v. Louisiana Department of Health and Hospitals*, 17-5564, 299 F.Supp.3d 790, 807 (E.D. La. March 2, 2018) ("For the purpose of sovereign immunity, DHH, a Louisiana state agency, is considered an 'arm of the state' and, therefore, protected by the Eleventh Amendment.")(citation omitted).
[24] "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *See Board of Trustees of University of Alabama v. Garrett,* 531 U.S. 356, 363, 121 S.Ct. 955, 962, 148 L.Ed.2d 866 (2001) ("Although by its terms the Amendment applies only to suits against a State by citizens of another State, our cases have extended the Amendment's applicability to suits by citizens against their own States. See *Kimel v. Florida Bd. of Regents,* 528 U.S. 62, 72–73, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000); *College Savings Bank v. Florida Prepaid Postsecondary Ed. Expense Bd.,* 527 U.S. 666, 669–670, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999); *Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 54, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996); *Hans v. Louisiana,* 134 U.S. 1, 15, 10 S.Ct. 504, 33 L.Ed. 842 (1890). The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court. See *Kimel, supra,* at 73, 120 S.Ct. 631.")
[25] R. Doc. 3.
[26] *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).
[27] *Id.*
[28] *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995).
[29] *Neitzke*, 490 U.S. at 327.

subject to prosecution by the presiding office of the U.S. Attorney,[30] but does not provide a private, civil cause of action for Plaintiffs to pursue the claims they have asserted in this proceeding.[31]

Under the 8th Amendment to the U.S. Constitution, "Excessive Bail, Fines, Punishments:" "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." Even construing Plaintiffs' Complaint liberally, Plaintiffs have not alleged any facts to indicate that they have been subjected to any bail or fines, much less excessive ones, or cruel and unusual punishments in any way. Further, nothing at the *Spears* hearing suggested that the 8th Amendment applies to Plaintiffs' claims.

Additionally, Plaintiffs admitted at the *Spears* hearing that, since the filing of the Complaint, they have received a duplicate copy of Gessiah's birth certificate. Thus, Plaintiffs' request for the Court's assistance in obtaining a copy of Gessiah's birth certificate is moot.

Plaintiffs' claims are frivolous because they are "based on an indisputably meritless legal theory,"[32] and have no realistic chance of success. Based on what Plaintiffs alleged in their Complaint, as clarified in the *Spears* hearing, Plaintiffs can prove no set of facts in support of their claims which would entitle them to relief in this Court.[33] Because Plaintiffs' claims are frivolous, dismissal is appropriate even if Plaintiffs were able to establish federal subject matter jurisdiction. Plaintiff should not be given further leave to amend.[34]

---

[30] At the hearing, the undersigned advised Plaintiffs that they may report alleged mail tampering to the office of the U.S. Attorney for the Middle District. Plaintiffs contend that they have already reported their mail issues to the Attorney General, the Sheriff's Office, the Social Security Administration, and the Department of Homeland Security.
[31] *See, e.g., Touche Ross & Co. v. Redington,* 442 U.S. 560, 568, 99 S.Ct. 2479, 2485, 61 L.Ed.2d 82 (1979) ("As we recently have emphasized, 'the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person.' *Cannon v. University of Chicago, supra*, 441 U.S., at 688, 99 S.Ct., at 1953.")
[32] *Neitzke*, 490 U.S. at 327.
[33] *Green*, 788 F.2d at 1120 (internal citations omitted).
[34] The allegations set forth in Plaintiffs' original Complaint, Plaintiffs' subsequent amendment, and Plaintiffs' explanation of their claims during the *Spears* hearing have been considered in determining that their claims are frivolous. *See*, R. Docs. 1 & 11. Considering Plaintiffs' multiple opportunities to explain their claims to this Court, it is recommended that any further attempt by Plaintiffs to amend their pleadings be denied. *See*, Civil Action No. H-13-3743, 2014 WL 1255879, at * 2 (S.D. Tex. March 26, 2014) ("The complaint allegations are so incomprehensible

## IV. Conclusion

For the reasons set forth herein, the undersigned **RECOMMENDS** that this case be **DISMISSED WITHOUT PREJUDICE**.

**IT IS ORDERED** that the Clerk of Court is directed to send a copy of this Magistrate Judge's Report and Recommendation to Plaintiffs at their addresses listed on PACER, via certified mail return receipt requested, and via regular mail.

Signed in Baton Rouge, Louisiana, on September 19, 2019.

*Erin Wilder-Doomes*
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

and bizarre as to be delusional. Dismissal is warranted on that basis as well. Delusional allegations in successive suits support the conclusion that amendments would be futile and that the dismissal should be without leave to amend.") (internal citations omitted); *Loper v. Other Personal Injury*, 1:19-cv-210, 2019 WL 3937679, at * (W.D. Pa. July 26, 2019) ("given the nature of these pleadings, the Court finds that they are incapable of being cured by amendment.") (citing *Johnson v. Trump*, 745 Fed. Appx. 445 (3d Cir. 2018) (affirming the district court's determination that leave to amend would be futile, despite the general rule in favor of curative amendments, where the allegations at issue were fanciful, fantastic, or delusional)).